**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAR NORTHWEST DEVELOPMENT COMPANY LLC, a Washington limited liability company; FARAMARZ GHODDOUSSI, an individual, | No. 09-35488 |
| | D.C. No. 2:05-cv-02134-RSM |
| Plaintiffs - Appellants, | MEMORANDUM [*] |
| v. | |
| COMMUNITY ASSOCIATION UNDERWRITERS OF AMERICA INC., a foreign insurance company; WESTPORT INSURANCE CORPORATION, a foreign insurance company, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted January 11, 2010
Seattle, Washington

Before: KLEINFELD, TASHIMA, and TALLMAN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

The Somerset Village Townhomes Condominium Association (the "Association"), acting as Faramarz Ghoddoussi's ("Ghoddoussi") assignee, appeals the district court's finding that it is not entitled to indemnity from its insurer, Community Association of Underwriters of America ("CAU"). It also appeals the district court's holding that CAU did not act in bad faith in denying defense to Ghoddoussi. As the facts are known to the parties, they will not be repeated here, except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because we can affirm on any ground supported by the record, *see McSherry v. City of Long Beach*, 584 F.3d 1129, 1135 (9th Cir. 2009), we conclude that CAU is not required to provide coverage on these facts because the damage to the condominiums was not an "accident" as contemplated by its policy. Washington courts have said that, for an accident to occur, "[t]he means as well as the result must be unforeseen, involuntary, unexpected and unusual." *Detweiler v. J.C. Penney Cas. Ins. Co.*, 751 P.2d 282, 284 (Wash. 1988). Ghoddoussi admitted in his sworn statement that he turned a blind eye to problems both during and after construction because he was worried he might lose additional money on the project. As a matter of law, the damage resulting from Ghoddoussi's actions was not an accident under Washington law.

2

There was no error in the district court's determination that CAU did not act in bad faith in denying defense to Ghoddoussi. A *sua sponte* grant of summary judgment was appropriate because the Association was able to fully present its arguments to the court. *See Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (holding that, even though defendants did not explicitly move for summary judgment, the district court was authorized to make a *sua sponte* determination if the plaintiff "was on notice to come forward with its evidence"). Our previous decision in this case made no mention of the Association's bad faith claim, thus leaving that issue open on remand. *See Liberty Mut. Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982) (citations omitted) (stating that "[l]ower courts are free to decide issues on remand so long as they were not decided on a prior appeal"). We hold that the merits of the Association's bad faith claim do not warrant reversal because it was objectively reasonable for CAU initially to believe that, under *State Farm Fire & Casualty Co. v. English Cove Ass'n*, 88 P.3d 986 (Wash. Ct. App. 2004), the owned-property exclusion barred coverage to Ghoddoussi.

Each party shall bear its own costs on appeal.

**AFFIRMED.**